HOFFMAN vs. JUNK and another, imp.

*March 9 — March 24, 1881.*

FRAUDULENT CONVEYANCE. *(1) Conveyance in contemplation of breach of promise of marriage.*
EVIDENCE: HOMESTEAD. *(2) Burden of proof as to homestead. (3) Evidence on that question: Two dwellings on one lot.*

1. Where a conveyance of land is made and taken in view of an intended breach of an existing contract obligation of the grantor to a third person, and with intent to avoid payment of any judgment which may thereafter be rendered for breach of such contract, an action will lie, under the statute, to subject the land to sale to pay such judgment. So *held* where the existing contract in question was a promise of marriage.
2. Where it is sought to set aside, as in fraud of plaintiff's rights as creditor, a sale of a city lot containing less than a quarter of an acre, with buildings thereon, and it is admitted by the pleadings that a part of said property was the vendor's homestead, the burden is upon the plaintiff of showing facts which deprived the remainder of the lot of that character.
3. The facts that the vendor lived in a small house on one end of the lot; that on the other end was a small inclosure (fenced off with a lattice or lath-work fence), on which stood another small house occupied occasionally by a tenant; and that there "were outhouses on the lot," whose character, situation and use are not described — *held*, insufficient to show that the whole premises were not such vendor's homestead.

APPEAL from the Circuit Court for *Milwaukee* County.

Plaintiff appealed from a judgment of nonsuit. The case is stated in the opinion.

The cause was submitted for the appellant on the brief of *Cotzhausen, Sylvester & Scheiber.*

For the respondents there was a brief by *Austin & Runkel*, and oral argument by *Mr. Austin*.

· ORTON, J.   This suit is brought to subject to the payment of a judgment recovered against the defendant *Jacob Junk*, for breach of promise of marriage, lot 7 in block. 113 in the ninth ward of the city of Milwaukee, of the dimensions of 50 by 150 feet, or that portion of it not occupied by said *Jacob* as his homestead at the time of its conveyance to the defendant *John Schwartz*, on the ground that it was so conveyed in fraud of plaintiff's rights.   On the case made by the plaintiff, the counsel for the defendants moved for a nonsuit (or dismissal of the complaint), substantially on the grounds, (1) that the plaintiff was not a creditor of the said *Junk* at the time of such conveyance; and (2) that the whole premises were the homestead of the said *Jacob* at that time.   This motion was sustained, presumably on both grounds.

The first ground was scarcely broad enough to cover the case claimed to have been made by the plaintiff; because, although the plaintiff may or may not have been a creditor of the said *Jacob Junk* at the time of such conveyance, in the sense of the statute against fraudulent conveyances, yet she afterwards recovered a judgment for the breach of the promise of marriage then existing, and it may be that the conveyance was made in view of an intended breach of such promise, and in anticipation of a judgment for such breach, and with the intent to avoid its payment.   A conveyance made with the intent to defraud the plaintiff as a subsequent judgment creditor, would come within the statute.

The evidence respecting the premises as a homestead at the time of the conveyance is very meager, and certainly far short of showing that the whole lot was not a homestead.   It is conceded in the complaint that a greater portion of the lot was at the time the homestead of the said *Jacob Junk*, so that the *onus* was upon the plaintiff to prove that the whole lot was not

a homestead; and we think such evidence was wholly wanting, and that the nonsuit was properly granted (or complaint dismissed) on that ground. On the north end of the lot was a small one-story house, in which the said *Jacob Junk* then lived. On the south end of the lot was a small inclosure by a lattice or lath-work fence, in which stood another small one-story house, built in 1868, and for a time afterwards occupied by a stranger, who had no title to any part of the lot, but with the consent of said *Jacob Junk;* and this house has since occasionally been occupied by a tenant of said *Junk.* The complaint states that there were outhouses on the lot, but as to where they were situated and as to their character or use, the evidence is silent. This evidence certainly does not show that the whole lot was not the homestead of *Jacob Junk,* under the numerous decisions of this court upon the question, and especially under the decision of this court in *Harriman v. The Queen Ins. Co.,* 49 Wis., 71.

*By the Court.*— The judgment of the circuit court is affirmed.